UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAMOS GARCIA (A-Number: 203-324-392),<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-07024-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN DAYS<br><br>Doc. 1 |

Petitioner Carlos Ramos Garcia is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus. Doc. 1. Petitioner was paroled into the United States on October 21, 2011 as a Cuban parolee. Doc. 6-1 at 2, 6. Petitioner has now been detained for over a year, after being transferred into ICE custody around June 2025. *Id.* at 2. Respondent argues "that 8 U.S.C. § 1225(b)(2)(A) governs here." Doc. 6 at 1. But respondent concedes "that *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), holds that § 1226(a) governs Petitioner's detention." *Id.* Respondent states that "[p]etitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." *Id.*

Petitioner in this case entered the United States as a Cuban parolee in 2011. Doc. 1. He was convicted in 2024 of criminal trespass. Doc. 6-2. He was detained by ICE in June 2025, shortly after he was charged with new state criminal offenses. *Id.* Petitioner was detained by immigration authorities after living in the United States on release status for fourteen years, and he has been in immigration custody for over a year without a bond hearing. Doc. 6-1.

Courts have found a noncitizen has a due process right to a bond hearing in cases similar to the one at hand, where petitioner entered the United States as a Cuban parolee and lived freely in the country for years before being detained by immigration authorities. *See Montoya v. Warden*, No. 1:26-cv-05368-DAD-CSK, 2026 WL 2428056 (E.D. Cal. Aug. 19, 2026), *findings and recommendations adopted*, No. 1:26-cv-05368-DAD-CSK (HC), 2026 WL 2539201 (E.D. Cal. Aug. 27, 2026) (ordering immediate release of petitioner detained without a pre-deprivation bond hearing after having being earlier paroled into the United States via the Cuban Humanitarian Parole Program); *Jimenez Peraza v. Mullin*, No. 1:26-cv-06230-JLT-EPG, 2026 WL 2905865 (E.D. Cal. Sept. 28, 2026) (same); *Montesino v. Mullin*, No. 1:26-cv-02211-AS, 2026 WL 1370143 (C.D. Cal. May 13, 2026) (same); *Medina Rodriguez v. Warden*, No. 1:26-cv-4112-NW, 2026 WL 2206240 (E.D. Cal. Jul. 30, 2026) (ordering bond hearing for petitioner detained after having been earlier paroled into the United States via the Cuban Humanitarian Parole Program).

When a petitioner has no criminal history or only a minor prior offense and immigration authorities did not provide a pre-deprivation hearing, courts have frequently granted immediate release. *See Montoya v. Warden*, No. 1:26-cv-05368-DAD-CSK, 2026 WL 2428056 (E.D. Cal. Aug. 19, 2026), *findings and recommendations adopted*, No. 1:26-cv-05368-DAD-CSK (HC), 2026 WL 2539201 (E.D. Cal. Aug. 27, 2026); *Jimenez Peraza v. Mullin*, No. 1:26-cv-06230-JLT-EPG, 2026 WL 2905865 (E.D. Cal. Sept. 28, 2026). But "[c]ourts have chosen a bond hearing as the more appropriate remedy where the person has a more extensive and/or more violent criminal history." *Montoya v. Warden*, No. 1:26-cv-05368-DAD-CSK, 2026 WL 2428056, at *3 (E.D. Cal. Aug. 19, 2026), *findings and recommendations adopted*, No. 1:26-cv-05368-DAD-CSK (HC), 2026 WL 2539201 (E.D. Cal. Aug. 27, 2026). *See also Medina Rodriguez v. Warden*, No. 1:26-cv-4112-NW, 2026 WL 2206240 (E.D. Cal. Jul. 30, 2026); *Capote v. Warden*, No. 1:26-cv-

3168-JLT-EPG, 2026 WL 1415306 (E.D. Cal. May 20, 2026). Here, petitioner's record includes multiple failures to appear pursuant to court orders, as well as a conviction for criminal trespass. Doc. 6-2. And ICE re-detained petitioner after encountering him in local custody shortly after he was arrested on new state charges. In petitioner's circumstances, a post-deprivation bond hearing is the appropriate remedy.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Carlos Ramos Garcia (A-Number: 203-324-392) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 28, 2026

UNITED STATES DISTRICT JUDGE